FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2011 APR 20 PM 1:44
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ANTHONY A. BURNS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 111-021 |
| | ) |
| CHARLES MULHERIN, Investigator; | ) |
| NICOLE RZAZA, Probation Officer; | ) |
| RON SYLVESTER, Sergeant; BONNIE | ) |
| BASILE; CHARLES REDDICK; and | ) |
| DAVID WEBER, Public Defender, | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned civil rights case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). As Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii). Also before the Court are Plaintiff's motions for an "Order of Protection," as well as Plaintiff's motion to amend his motions for an "Order of Protection." (Doc. nos. 4, 6, 7.) The Court resolves the matter as follows.

## I. BACKGROUND

Plaintiff names the following Defendants: (1) Charles Mulherin, Investigator at the Richmond County Sheriff's Department ("Sheriff's Department"); (2) Nicole Rzaza, Officer at the Augusta Probation Office ("Probation Office"); (3) Ron Sylvester, Sergeant at the Sheriff's Department; (4) Bonnie Basile, an employee of the Sheriff's Department; (5) Charles Reddick, Supervisor of the Sex Offender Division of the Probation Office; and (6) David Weber, public defender in the Augusta Judicial Circuit. (Doc. no. 1, pp. 1, 3-4.)

Plaintiff alleges that in 1998, he was "booked" by Defendant Sylvester for felony statutory rape. (Id. at 3.) Plaintiff claims that he should have only been charged with a misdemeanor and not allowed to plead guilty because he was not four years older than the victim. (Id.) Plaintiff states that Defendant Weber was his attorney during the criminal proceedings. (Id.) Plaintiff avers that, after his release from prison in 2003, he was told to register as a sex offender in 2004, but then told that he did not have to register in 2006 and 2007. (Id. at 4.) Plaintiff goes on to claim that, some time in 2008, Defendant Reddick contacted the "GCIC" and gave them "probably false information" because it seemed that Defendant Reddick was "determined" to have Plaintiff charged with failure to register as a sex offender. (Id.) In fact, Plaintiff alleges that he was "charged" for failure to register by Defendant Mulherin. (Id.) Plaintiff avers that he was "locked up" for ten months and given ten years of probation as a consequence. (Id.)

For relief, Plaintiff requests that it be made public information "what [Defendants] did to [his] reputation." (Id. at 5.) Plaintiff further requests that his record "be cleared," and that he receive an unspecified amount of compensation for lost wages, home, and relationships.

2

(Id.) Lastly, Plaintiff requests that Defendants be "prosecuted like [he] was." (Id.)

## II. DISCUSSION

### A. Defendants Rzaza and Basile

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that his complaint fails to state a claim for relief against Defendants Rzaza and Basile. That is, while Plaintiff names these Defendants in the caption, he does not assert any allegations of wrong doing against them in his statement of claims.

"Section 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit recently held that a district court properly dismisses defendants where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendants with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1222-23 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")).

Here, Plaintiff does not allege any facts of wrongdoing against Defendants Rzaza or Basile. Vague and conclusory allegations are not sufficient to state a claim. See Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984) (noting that vague and conclusory accusations are insufficient to state a civil rights claim). Indeed, Plaintiff never mentions

3

Defendants Rzaza or Basile in his complaint beyond listing them as Defendants. (Doc. no. 1, pp. 1, 3.)

Thus, in the absence of an allegation connecting any actions of Defendants Rzaza or Basile with any alleged unconstitutional deprivation, Plaintiff fails to state a claim for relief against these Defendants, and they should be dismissed.

### B.     Defendant Reddick

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that his complaint fails to state a claim for relief against Defendant Reddick. It appears from Plaintiff's complaint, that he is attempting to state a claim against Defendant Reddick for violating Plaintiff's due process rights under the Fourteenth Amendment. (See id at 4.) In order to state a claim against a probation officer for violating his due process rights, Plaintiff must allege facts showing that the probation officer manipulated his record and that the manipulation caused the loss of Plaintiff's liberty. See Holt v. Glenn, 361 F. App'x 75, 77 (11th Cir. 2010) (*per curiam*). Here, however, Plaintiff has only alleged that Defendant Reddick "called GCIC and added probably false information because it seems he was determined to have [Plaintiff register as a sex offender]." (Doc. no. 1, p. 4 (emphasis added).) Plaintiff fails to describe the "probably false" information that was allegedly added to his file, much less establish that the information caused the loss of Plaintiff's liberty. (See id. at 5.) Thus, Plaintiff fails to state a claim upon which relief can be granted against Defendant Reddick, and he should be dismissed from this case.

### C. Defendants Sylvester, and Mulherin

Liberally construing Plaintiff's allegations against Defendants Sylvester and Mulherin, in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that he fails to state a claim against these defendants. Here, Plaintiff, through his allegations against these two Defendants, is challenging the legality of his criminal conviction in an action brought pursuant to § 1983. Plaintiff's attempt to use a § 1983 action to challenge a criminal conviction is improper, and seeks relief that can only be obtained in a habeas corpus action. The Supreme Court has held that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. See Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). The Court went on to state that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. Id. at 487.

Conversely, § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under § 1983). In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's conviction is not cognizable under § 1983. See Heck, 512 U.S. at 483; see also Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical

imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus.").

Here, Plaintiff complains that Defendant Sylvester's booking Plaintiff on felony statutory rape and Defendant Mulherin's charging Plaintiff with failure to register as a sex offender led to Plaintiff's unlawful conviction, sentence, and incarceration. Accordingly, Plaintiff requests monetary relief and that this Court clear his record. However, Plaintiff has not pointed to a "conviction or sentence reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 487. Thus, Plaintiff's current allegations of an improper criminal investigation, arrest, prosecution, or conviction are not actionable in this § 1983 suit. Cf. Rankin v. Evans, 133 F.3d 1425, 1428 (11th Cir. 1998) (§ 1983 claim against arresting officer in child molestation case proceeded after grand jury found plaintiff "completely innocent" of charges). Accordingly, Plaintiff's allegations fail to state a claim upon which relief can be granted against Defendants Sylvester and Mulherin.

In his complaint, Plaintiff states that he has been told to file "a habeas corpus [petition]." (Doc. no. 1, p. 3.) However, even if the Court were to construe Plaintiff's complaint as a petition for a writ of habeas corpus he would still not be entitled to relief. Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. See 28 U.S.C. § 2254(b)-(c). As Plaintiff has not alleged exhaustion of state court remedies, a request for federal habeas corpus relief would be subject to dismissal.

## D.   Defendant Weber

The Court also finds that Plaintiff's claim against Defendant Weber must fail because Defendant Weber has not acted under the color of state law for the purposes of 42 U.S.C. § 1983. The Supreme Court has held that "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the *alleged deprivation was committed by a person acting under color of state law*." West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted) (emphasis added); see also Holmes v. Crosby, 418 F.3d 1256, 1258 (11th Cir. 2005). Traditionally, acting under color of state law "requires that the defendant in a § 1983 action have exercised power possessed by the virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Id. at 49 (internal quotation marks and citation omitted). However, "[i]t is well settled . . . that an attorney, whether court-appointed or privately retained, does not qualify as a state actor for purposes of § 1983 liability." Barnette v. Ernst, Civil Case No. 407-020 (S.D. Ga. Apr. 23, 2007) (Moore, J.) (citing Polk County v. Dodson, 454 U.S. 312, 318 & n.7 (1981) (finding a lawyer representing a client was not, "by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983")); see also Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (holding that a private attorney who was retained to represent a criminal defendant was not acting under color of state law).

By representing Plaintiff during his felony statutory rape case, Defendant Weber was simply acting in accordance with his role as counsel to a defendant in a criminal proceeding, and thus is not a person acting under color of state law. Therefore, Plaintiff has not stated a

7

viable § 1983 claim against Defendant Weber, and he should be dismissed from this case.[1]

### E. Motions for an "Order of Protection"

As Plaintiff's claims are subject to dismissal for failure to state a claim upon which relief can be granted, his motions for an "Order of Protection" should likewise be denied.[2] (Doc. nos. 4, 6.) A party moving for injunctive relief must show the following: (1) a substantial likelihood that he will prevail on the merits; (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted; (3) the threatened injury to him outweighs the threatened harm an injunction may cause the opponent; and (4) granting the preliminary injunction will not disserve the public interest. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537.

As an initial matter, because Plaintiff's claims are subject to dismissal, he has clearly

---

[1] As to Plaintiff's request to have "Defendants prosecuted like [he] was" (doc. no. 1, p. 5), it is well established that an individual does not have standing to challenge the decisions of prosecuting authorities unless he is being prosecuted. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). In other words, a private individual "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Id. Thus, Plaintiff is not entitled to this requested relief.

[2] Although Plaintiff captioned his motions as motions for an "Order of Protection," he actually seeks an order from the Court directing the Sheriff's Department and the Probation Office not to act in "reprisal" against Plaintiff for filing the instant action. (Doc. no. 6, p. 2.) As such, rather than seeking a protective order, Plaintiff in fact requests injunctive relief.

failed to demonstrate a substantial likelihood that he will prevail on the merits. Additionally, Plaintiff's motions seek the Court's protection against the <u>Sheriff's Department</u> and the <u>Probation Office</u>, neither of which are parties to the current action.[3] Furthermore, if Plaintiff's motions were to be granted, the resulting injunction would amount to a broad instruction to the Sheriff's Department and the Probation Office to obey the law. (Doc. no. 6, p. 2.) Stated otherwise, Plaintiff's first motion fails to specify what relief he is seeking from the Court, and his second motion merely states that he fears reprisal from the above-named entities as a result of his filing the instant action. (See doc. no. 4; doc. no. 6, p. 2.) Federal Rule 65(d) requires requests for injunctions to be specific- an injunction which merely orders the defendants to obey the law is too broad and too vague to be enforceable. See <u>Burton v. City of Belle Glade</u>, 178 F.3d 1175, 1201 (11th Cir. 1999). Even construed liberally, the terms of Plaintiff's requested injunction, discussed above, are as general as the contours of the law itself.[4] <u>Id.</u> As Plaintiff's requested injunction does not conform to the specificity requirement of Rule 65(d), it is unenforceable and must fail.

---

[3] Plaintiff filed a motion to amend his motions for an "Order of Protection" requesting to substitute "Sentinel Offender Services of Richmond County" in place of the Sheriff's Department and the Probation Office. (Doc. no. 7.) Plaintiff states that he was "harassed" by Sentinel Offender Services of Richmond County through threats of incarceration, and speculates that this entity will "sabotage his college career." (<u>Id.</u> at 2.) However, just like the Sheriff's Department and the Probation Office, Sentinel Offender Services of Richmond County is not a party to the current action. Additionally, none of the allegations that Plaintiff presents in his motion to amend affect the Court's analysis and recommendation to dismiss Plaintiff's motions for an "Order of Protection." Therefore, Plaintiff's motion to amend his motions for an "Order of Protection" should be **DENIED AS MOOT**.

[4] Because only Plaintiff's second motion for "Order of Protection" specifies the injunctive relief sought (see doc. no. 6, p. 2), the Court need only address the potential results of an injunctive order based on the second motion.

## III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motions for an "Order of Protection" (doc. nos. 4, 6) be **DENIED**, that his motion to amend his motions for an "Order of Protection" (doc. no. 7) be **DENIED AS MOOT**, that Plaintiff's case be **DISMISSED** for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED on this 20th day of April, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE